**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ANGELO GOLDSTON, | ) | |
| | ) | Case Nos. 1:25-cv-218; 1:16-cr-78 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM AND ORDER

Before the Court is a motion to vacate, set aside, or correct filed by Petitioner Angelo Goldston filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:25-cv-218; Doc. 108 in Case No. 1:16-cr-78.) For the following reasons, the Court will **DENY** Petitioner's motion.

On May 17, 2016, a grand jury returned a one-count indictment charging Petitioner with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 in Case No. 1:16-cr-78.) On January 12, 2017, a jury found him guilty. (Doc. 56 in Case No. 1:16-cr-78.) After finding that Petitioner qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), United States District Judge Harry S. Mattice, Jr. sentenced Petitioner to 240 months' imprisonment, to be followed by 5 years of supervised release. (Doc. 78 in Case No. 1:16-cr-78.) The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence on direct appeal (Doc. 98 in Case No. 1:16-cr-78), and Petitioner did not file a petition for writ of certiorari to the Supreme Court of the United States. As a result, Petitioner's judgment became final on October 3, 2018. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction becomes final upon the

expiration of the ninety-day period for seeking a writ of certiorari).  On July 3, 2025, the Clerk of Court docketed Petitioner's § 2255 motion, which argues that, after the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024), his ACCA sentence is unlawful because the question of whether he committed predicate offenses on different occasions was not submitted to the jury.  The signature page of Petitioner's motion is dated June 13, 2025.  (Doc. 1, at 11 in Case No. 1:25-cv-218.)  Additionally, attached to Petitioner's motion is a memorandum from the Federal Bureau of Prisons dated June 25, 2025, stating:

> This inmate is attempting to file with the courts.  FCI Gilmer has been placed on Modified Operations since June 20, 2025.  He has not had access to legal materials or legal mail since this time.  He is requesting to file excluding the dates of lockdown.  Thank you for your time and consideration.

(*Id.* at 12.)

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Additionally, § 2255(f) imposes a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of:  (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when

2

the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Even if the Court considered Petitioner's motion timely filed,[1] his motion still fails because the Supreme Court's decision in *Erlinger* is not retroactively applicable to cases on collateral review. As this Court has previously explained:

> "New rules announced by the Supreme Court apply 'only in limited circumstances' to 'convictions that are already final." *Johnson v. United States*, Case No. 1:24-cv-731966, 2025 WL 731966, at *10 (W.D. Mich. Mar. 7, 2025) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004)). "[S]ubstantive rules generally apply retroactively," which include "rules forbidding criminal punishment of certain primary conduct" and "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Id.* (quoting *Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016)). "New procedural rules, however, 'generally do not apply retroactively.'" *Id.* (quoting *Schriro*, 542 U.S. at 352)). "New procedural rules include those rules 'that regulate only the *manner of determining* the defendant's culpability.'" *Id.* (quoting *Schriro*, 542 U.S. at 352 (emphasis in original)). The Supreme Court gives "retroactive effect to only a small set of watershed rules of criminal procedure implicating fundamental fairness and accuracy of the criminal proceeding." *Johnson,* 2025 WL 731966, at *10. Moreover, "[i]t is not enough that a new procedural rule be fundamental; the rule must be one without which the likelihood of an accurate conviction is seriously diminished." *Id.*; *see also Teague v. Lane*, 489 U.S. 288 (1989) (explaining the framework for determining when rules apply retroactively to final criminal judgments).
>
> Applying the foregoing standards, the overwhelming majority of district courts to have considered the effect of *Erlinger* have determined that it is not a new substantive rule and is not a "watershed rule of criminal procedure," and, as a

---

[1] It is unclear if Petitioner's motion is timely under § 2255(f). Petitioner certainly did not file his § 2255 motion within a year after his judgment became final. *Erlinger*, however, was decided on June 21, 2024, meaning that for Petitioner's motion to be timely under § 2255(f)(4), he needed to file his motion on or before June 21, 2025. Petitioner dated his motion June 13, 2025, and his motion includes a Bureau of Prisons memorandum dated June 25, 2025, indicating that his facility was on lockdown beginning on June 20, 2025. This suggests that Petitioner likely did not place his motion in the mail until after June 25, 2025, because his facility was on lockdown. Nonetheless, the Court need not decide whether Petitioner's motion is timely under these circumstances because his motion fails for other reasons explained herein.

result, it is not retroactively applicable to cases on collateral review. *See*, *e.g.*, *Ursery v. United States*, No. 3:22-CV-00776, 2024 WL 4652209, at *4 (M.D. Tenn. Nov. 1, 2024); *see also Johnson*, 2025 WL 731966, at *11 (collecting cases). The Court agrees with these district courts that *Erlinger* constitutes a new procedural rule that regulates the manner of determining whether a defendant is eligible for an enhanced sentence under the ACCA. Accordingly, *Erlinger* is not retroactively applicable to cases on collateral review and does not provide a basis for relief under § 2255. *See also Erlinger*, 602 U.S. at 859 n. 3 (Kavanaugh J., dissenting) ("For any case that is already final, the *Teague* rule will presumably bar the defendant from raising [*Erlinger's*] new rule in collateral proceedings.").

*Bonds v. United States*, No. 1:17-cr-108, 2025 WL 2166431, at *4 (E.D. Tenn. July 30, 2025).

Even if Petitioner could argue that *Erlinger* is applicable on collateral review, his motion still fails because any *Erlinger* error is harmless under the facts of his case. Petitioner's predicate offenses under the ACCA include convictions committed in 2001, 2004, and 2009. (*See* Doc. 70, at 12, 17, 19–20 in Case No. 1:16-cr-78.) Under these circumstances, no reasonable juror could have determined that Petitioner's predicate offenses "occurred on the same occasion," thereby making him ineligible for an enhanced sentence under the ACCA. *See United States v. Durham*, 151 F.4th 821, 825 (6th Cir. 2025) (explaining that, on direct appeal, failure to submit the *Erlinger* different-occasions question to a jury is subject to a harmless-error analysis, and that no reasonable jury could conclude that a defendant's predicate offenses in 2010 and 2011 occurred on the same occasion); *United States v. Thomas*, 142 F.4th 412, 418 (6th Cir. 2025) (holding that the Government satisfied its burden to show that its failure to submit the occasions-different question to the jury was harmless); *Kaiser v. United States*, No. 25-1133, 2025 WL 2306733, at *2 (6th Cir. June 27, 2025) (denying a certificate of appealability with regard to the district court's denial of a petitioner's § 2255 motion because "reasonable jurists would agree that [petitioner's] sentence would not have been different had a jury decided whether his ACCA-qualifying offenses were committed on different occasions"). As a result,

Petitioner is not entitled to relief under § 2255 based on the Supreme Court's decision in *Erlinger*.

Accordingly, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:25-cv-218; Doc. 108 in Case No. 1:16-cr-78) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AN APPROPRIATE JUDGMENT WILL ENTER**.

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**